IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDDIE D. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1884-N-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Eddie D. Smith seeks judicial review of a final adverse decision of the

Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated

herein, the hearing decision should be affirmed in all respects.

## Background

Plaintiff alleges that he is disabled due to a variety of ailments, including bipolar

I disorder, most recent episode mixed, severe, with psychotic features; polysubstance

dependence; and personality disorder not otherwise specified. *See* Dkt. No. 11-8 at 44.

After his applications for disability and supplemental security income ("SSI") benefits

were denied initially and on reconsideration, Plaintiff requested a hearing before an

administrative law judge ("ALJ"). The hearing was held on March 5, 2012. *See* Dkt. No.

11-3 at 24-66. At the time of the hearing, Plaintiff was 50 years old. *See* Dkt. No. 11-4

at 2. He did not finish the eighth grade and has no past relevant work history. *See* Dkt.

No. 11-3 at 28, 57.

The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act and therefore is not entitled to disability or SSI benefits. *See id.* at 13-20. Although the medical evidence established that Plaintiff suffered from the severe impairments of bipolar disorder, mixed type with psychotic features, and a personality disorder NOS, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> The claimant retains the ability to perform the basic mental demands of unskilled work, specifically he is capable of understanding, remembering, and carrying out simple instructions, performing simple decision-making, dealing with changes within a routine work setting, and responding appropriately to supervisors, coworkers, and usual work situations, except he is precluded from work requiring public interaction or work in crowds, work with more than occasional interaction with coworkers and supervisors, teamwork, or work that involves over-the-shoulder supervision. The claimant is precluded from work requiring complex written communication, and he would also benefit from work where can be provided with a short demonstration of the task to be performed. The claimant would also be unable to work with hazardous conditions.

*Id.* at 16-17. Relying on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of working as a hospital cleaner, hand packager, and kitchen helper, which are jobs that exist in significant numbers in the state and national economy. Given his age, education, and exertional capacity for all levels of work with certain non-exertional restrictions, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines.

Plaintiff appealed that decision to the Appeals Council, which denied his request for review. *See id.* at 2-4. Plaintiff then filed this action in federal district court. *See* Dkt. No. 1. Plaintiff claims that the ALJ's determination is not supported by substantial evidence, and challenges the hearing decision on four general grounds: (1) the ALJ's RFC analysis and her hypothetical question to the vocational expert witness ("VE") did not adequately incorporate the moderate limitations in concentration, persistence, and pace which she found to exist; (2) the Commissioner has failed to identify a significant number of jobs in the national economy that Plaintiff can perform despite his work-related limitations; (3) the ALJ failed to adequately consider the opinion of Plaintiff's treating physician, Dr. Ikechukwu Ofomata; and (4) the ALJ neglected to properly consider the functional limitations reported by Dr. Leela Reddy, the State Agency physician.

The undersigned recommends that the hearing decision should be affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including

3

weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo. See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4.      If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5.      If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements

to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows where the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

### Consideration of Work-Related Limitations in RFC Assessment

In her application of the sequential evaluation process, the ALJ found that Plaintiff has "paragraph B" moderate limitations with regard to concentration and persistence or pace and that Plaintiff demonstrated impaired concentration when he

6

commenced mental health care. *See* Dkt. No. 11-3 at 16. In her hypothetical question

posed to the VE, the ALJ asked:

> [I]f you would consider a hypothetical worker of the claimant's age,
> education, and work background; there would be no exertional
> limitations; but this worker would need to be restricted to only simple,
> routine, repetitive tasks that require only simple decision making, little
> or no judgment, and no complex written communication; no public
> interaction and no work in crowds; only occasional interaction with
> coworkers or supervisors, but no work with over the shoulder supervision;
> and no jobs requiring team work; in addition the worker should be
> provided with a short demonstration of the task to be performed before
> he begins his work; with all of those limitations would you be able to
> identify work in the regional or national economy?

Dkt. No. 11-3 at 57-58. Indicating that her RFC "reflects the degree of limitation ...

found in the 'paragraph B' mental function analysis," the ALJ found that Plaintiff

"retains the ability to perform the basic mental demands of unskilled work, specifically

he is capable of understanding, remembering, and carrying out simple instructions,

performing simple decision-making, dealing with changes within a routine work

setting, and responding appropriately to supervisors, coworkers, and usual work

situations." *Id.* at 16.

Plaintiff urges that the ALJ failed to include the moderate limitations that she

had previously found in the hypothetical posed to the VE and in her subsequent RFC

assessment. That is, Plaintiff faults the ALJ because "the ALJ's RFC assessment did

not include all of the limitations shown by the evidence and that the ALJ's hypothetical

question to the VE was deficient." Dkt. No. 14 at 10.

Plaintiff argues that limiting an individual to jobs that are "simple" and

"unskilled" does not incorporate moderate difficulties in concentration, persistence, and

pace. However, the United States Court of Appeals for the Fifth Circuit has held that a hypothetical that includes "restrictions to rare public interaction, low stress, and simple, one- to two-step instructions reflect that the ALJ reasonably incorporated [the claimant]'s moderate concentration, persistence, and pace limitations such that the hypothetical question was proper." *Bordelon v. Astrue,* 281 F. App'x 418, 423 (5th Cir. 2008) (citation omitted). Like *Bordelon*, other courts in this circuit have held that an RFC limited to "simple work" reasonably incorporates a moderate or even marked limitation in concentration, persistence, or pace. *See Ricks v. Colvin*, No. 12-2647, 2014 WL 333911, at *8 (W.D. La. Jan. 29, 2014); *see also Berry v. Astrue*, No. 3:11-cv-2817-L-BH, 2013 WL 524331, at *23 (N.D. Tex. Jan. 13, 2013), *rec. adopted*, 2013 WL 540587 (N.D. Tex. Feb. 13, 2013); *Cornejo v. Colvin,* No. EP-11-cv-470-RFC, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013) ("[T]he limitations on which the RFC is based are not required to be included verbatim in the RFC or in a hypothetical to the vocational expert.").

This Court has repeatedly found that an ALJ does not err in failing to include in the RFC the specific words "moderate restriction in the area of concentration, persistence or pace" where the decision showed that the ALJ considered those limitations in reaching the RFC determination. *See Short v. Astrue,* No. 3:11-cv-713-N-BN, 2013 WL 655020, at *6 (N.D. Tex. Feb. 5, 2013); *rec. adopted*, 2013 WL 655022 (N.D. Tex. Feb. 22, 2013); *Downing v. Astrue,* No. 2:11-cv-170, 2012 WL 4354928, at *5 (N.D. Tex. Sep. 7, 2012), *rec. adopted,* 2012 WL 4354915 (N.D. Tex.

8

Sept. 24, 2012); *Gonzalez v. Astrue*, No. 3:10-cv-2003-O-BF, 2012 WL 1058114, at *7 (N.D. Tex. Jan. 26, 2012), *rec adopted*, 2012 WL 1065459 (N.D. Tex. Mar. 29, 2012).

In this case, the record establishes that the ALJ included all the appropriate functional limitations in his RFC assessment.

And, even if Plaintiff could establish that the ALJ's RFC finding was erroneous, he has failed to establish prejudice. Plaintiff has not shown how the inclusion of additional limitations in the ALJ's RFC would have eliminated any of the jobs identified by the VE.

Nor has Plaintiff established reversible error as to the ALJ's reliance on the VE's testimony based on a hypothetical question that did not include an express limitation for a moderate restriction in the area of concentration, persistence, or pace. The ALJ was only obligated to reasonably incorporate in her hypothetical all of Plaintiff's disabilities that she recognized. *See Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001). The ALJ found that Plaintiff was under no limitations in his ability to understand, remember, and carry out simple instructions and was under only moderate limitations in his ability to interact appropriately with the public, coworkers, and supervisors and his ability to respond appropriately to normal work situations and changes in a routine work setting. *See* Dkt. No. 11-3 at 16. The record reflects that the ALJ considered the limitations in concentration, persistence, or pace when determining Plaintiff's RFC and that this RFC finding is supported by substantial evidence. The ALJ was not required to expressly include a limitation for concentration, persistence, or pace in her hypothetical to the VE. *See Herring v. Astrue*, 788 F. Supp. 2d 513, 518 & n.2 (N.D.

9

Tex. 2011) (holding that hypothetical reasonably incorporated limitations found by ALJ because question closely tracked ALJ's RFC assessment, which took into consideration all impairments); *Gipson v. Astrue*, No. 3:10-cv-1413-BK, 2011 WL 540299, at *6-*7 (N.D. Tex. Feb. 11, 2011) ("Because the ALJ posed a hypothetical question that reasonably incorporated the disabilities she found Plaintiff had, the ALJ's finding that Plaintiff could perform other jobs in the national economy was supported by substantial evidence.").

Existence of Work Within Plaintiff's RFC

Plaintiff contends that the Commissioner failed to establish the existence of work that Plaintiff can perform within his residual functional capacity, since "simple, routine, repetitive tasks that require only simple decision making" reflected in the ALJ's hypothetical may refer to jobs at only reasoning level one. *See* Dkt. No. 14 at 11-13. That is, Plaintiff contends that the work identified by the VE during the hearing – employment as a hospital cleaner, hand packager, or kitchen helper – would require a reasoning level that is not consistent with the limitations and RFC that the ALJ found.

A number of district courts within the Fifth Circuit, as well as appellate and district courts outside the Fifth Circuit, have already determined that there is no direct or apparent conflict between an RFC limiting a plaintiff to "simple" instructions and a VE's testimony that a plaintiff may perform work at a reasoning level of two. The weight of the authority supports a determination that a limitation to "simple, repetitive, and routine tasks" could support work with a reasoning level of two or three.

*See Coleman v. Colvin*, No. 3:12-cv-1145-BN, 2013 WL 5353416, at *4 (N.D. Tex. Sept. 25, 2013) (citing *Johnson v. Astrue,* No. 11-3030, 2012 WL 5472418, at *11 (E.D. La. Oct. 5, 2012) (collecting cases and determining that Plaintiff, limited to "simple, repetitive and routine tasks" could perform work with a reasoning level of three)); *see also Melton v. Astrue,* No. 2:11-cv-157-SAA, 2012 WL 1004786, at *2-*3 (N.D. Miss. Mar. 26, 2012) (no conflict in VE testimony that plaintiff, who was limited to "simple, routine, repetitive tasks involving simple work related decisions," could perform work with a reasoning level of two); *Fletcher v. Astrue,* No. 5:09-cv-70-BG, 2010 WL 1644877, at *4 (N.D. Tex. Mar. 31, 2010) ("Courts have acknowledged that the ability to perform non-complex work is consistent with reasoning level two"), *rec. adopted,* 2010 WL 1644874 (N.D. Tex. Apr. 23, 2010); *Hackett v. Barnhart,* 395 F.3d 1168, 1176 (10th Cir. 2005) (noting that level two reasoning appears consistent with a limitation to simple, routine, repetitive work).

The undersigned is persuaded by the applicable authority that unskilled work at the reasoning level of two is not inconsistent with Plaintiff's RFC and that there is therefore no direct or apparent conflict between the VE's testimony and the DOT. This alleged ground of error therefore provides no basis for reversal or remand.

Opinion of Plaintiff's Treating Physician

Plaintiff contends that the ALJ failed to adequately consider the opinion of the treating physician, Dr. Ofomata, who indicated a GAF score of 43 and found that Plaintiff had a substantial loss of ability to perform in 11 occupational categories and no useful ability to perform in three other occupational categories crucial to the

performance of competitive, remunerative employment. *See* Dkt. No. 14 at 13-16. Plaintiff asserts that the ALJ erred by failing to analyze the six factors found in 20 C.F.R. § 404.1527(c) before rejecting the opinions of Plaintiff's treating physician.

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan*, 38 F.3d at 237. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence." *Martinez*, 64 F.3d at 175-76 (citing 20 C.F.R. § 404.1527(c)(2)). And "[t]he opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). However, the ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion" when good cause is shown. *Id.* at 455-56 (internal quotations omitted). An ALJ may show good cause "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

Section 404.1527(c)(2) requires the ALJ to consider specific factors "to assess the weight to be given to the opinion of a treating physician when the ALJ determines that [the opinion] is not entitled to 'controlling weight.'" *Id.* at 456. Specifically, the ALJ must consider:

(1) the physician's length of treatment of the claimant;

(2) the physician's frequency of examination;

(3) the nature and extent of the treatment relationship;

(4) the support of the physician's opinion afforded by the medical evidence of record;

(5) the consistency of the opinion with the record as a whole; and

(6) the specialization of the treating physician.

20 C.F.R. § 404.1527(c)(2); *see also Newton*, 209 F.3d at 456. The ALJ must consider all six of the Section 404.1527(c)(2) factors if "controlling weight" is not given to a treating physician's medical opinions. *See* 20 C.F.R. § 404.1527(c) ("Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion."); *see also Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001); *McDonald v. Apfel*, No. 3:97-CV-2035-R, 1998 WL 159938, at *8 (N.D. Tex. Mar. 31, 1998).

In *Newton*, the Fifth Circuit concluded that "an ALJ is required to consider each of the § 404.1527[(c)] factors before declining to give any weight to the opinions of the claimant's treating specialist." 209 F.3d at 456. However, in decisions construing *Newton*, the Fifth Circuit has explained that "[t]he *Newton* court limited its holding to cases where the ALJ rejects the sole relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, where there are competing opinions of examining physicians, the ALJ need not necessarily set forth his analysis

of the Section 404.1527(c) factors when declining to give controlling weight to a treating physician. *See id.* at 466-67.

Here, the ALJ reviewed the medical records in detail and concluded that, although the record established severe impairments and moderate limitations in residual functional capacity, the medical source statement of Dr. Ofomata finding substantial loss of ability to perform in 11 occupational categories and no useful ability to perform in three other occupational categories was "inconsistent with treatment records" and does not support the degree of limitation proposed. *See* Dkt. No. 11-3 at 18. The ALJ explained:

> The undersigned finds Dr. Ofomoto's opinion and his proposed GAFs, which have ranged from 43 to 49, to be inconsistent with treatment records, records that show since April 2011 the claimant has consistently been assessed with overall functioning of 6 on a scale of 0 to 10 with 10 being a high level of function. The undersigned also finds Dr. Ofomoto's opinion to be inconsistent with his observations, which have included finding the claimant has a euthymic mood and ability to speak in a clear and articulate manner with coherent thought processes. Dr. Ofomoto's findings, and recent evidence that shows by May 2011 the claimant demonstrated unimpaired concentration, do not support the degree of limitation proposed or counsel's argument the claimant would be limited to performing 1-and-2 step tasks. At most, this evidence when viewed in combination with the claimant's acknowledged daily activities, which have included attending school three days a week, dating, working on a computer, going to the library, and reading, suggest moderate but no greater limitations in functioning and no limitations that would preclude him from performing at least the basic mental demands of unskilled work. Specifically, the claimant would be capable of understanding, remembering, and carrying out simple instructions, performing simple decision-making, dealing with changes within a routine work setting, and responding appropriately to supervisors, coworkers, and usual work situations.

*Id.*

While Plaintiff is correct that Dr. Ofomata found significant limitations that would support a finding of disability, the ALJ is free to reject the opinion of any physician where, as here, she finds that the medical evidence of record supports a contrary conclusion regarding Plaintiff's limitations and good cause is shown. *See Newton*, 209 F.3d at 455-56.

Although it appears that the ALJ did not undergo the detailed analysis of the Section 404.1527(c) factors before declining to give weight to the opinions of Plaintiff's treating specialist, *see Newton*, 209 F.3d at 456, any such error did not affect Plaintiff's substantial rights, *see Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989) ("Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected."). The Court concludes that, even assuming that the ALJ was required to, and did not, undergo the detailed analysis of the Section 404.1527(c) factors, any such error did not prejudice Plaintiff. The record as a whole supports the ALJ's conclusion, even taking into account the limitations that Dr. Ofomata stated applied to Plaintiff's capabilities.

Therefore, the undersigned finds that reversing and remanding for a more detailed analysis of the Section 404.1527(c) factors would be futile in light of the evidence of record, which supports the ALJ's ultimate conclusion.

Opinion of the State Agency Medical Consultant

Finally, Plaintiff faults the ALJ for failing to give adequate consideration to the limitations found by Dr. Reddy, the state agency medical consultant ("SAMC"), that would preclude Plaintiff from the residual functional capacity to perform the jobs

suggested by the VE. *See* Dkt. No. 14 at 16-18. Plaintiff cites the limitations found by Dr. Reddy which, posed as hypotheticals to the VE, would prevent Plaintiff from performing the duties of a kitchen helper, hand packager, or hospital cleaner. *Compare* Dkt. No. 11-3 at 61-64, *with* Dkt. No. 11-8 at 74.

Plaintiff is correct that, had the ALJ adopted the limitations suggested by Dr. Reddy, the testimony of the Vocational Expert would not support the RFC. That is, the VE indicated clearly upon cross-examination that an individual with marked limitations in the ability to understand, remember, and carry out detailed instructions and with moderate limitations in the ability to perform at a consistent pace without an unreasonable number and length of rest periods and in the ability to accept instructions and respond appropriately to criticism from supervisors would be unable to perform the three jobs identified. *See* Dkt. No. 11-3 at 61-64. However, the ALJ did not adopt these findings regarding Plaintiff's limitations; instead, she found only that Plaintiff has "moderate difficulties" with social functioning, concentration, persistence or pace. *See* Dkt. No. 11-3 at 16.

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). The ALJ is not bound by the state agency physician's opinions, but she may not ignore them and must explain in her decision the weight given to those opinions. *See* SSR 96-6p, 1996 WL 374180, at *2 (S.S.A. July 2, 1996); *Helbing v. Astrue*, No. 4:11-cv-704-Y, 2012 WL 6719469, at *12 (N.D. Tex. Oct. 29, 2012), *rec. adopted*, 2012 WL 6709666 (N.D. Tex. Dec. 27, 2012).

16

In this case, the ALJ reported that she considered the SAMC's opinions but that "[t]his decision is based on updated evidence that was not available for review by the State Agency, and a different interpretation of the evidence reviewed by the State Agency physician." Dkt. No. 11-3 at 19. The ALJ is free to reject all or part of a physician's opinion when the overall evidence supports a contrary conclusion, *see Martinez*, 64 F.3d at 176, and is not always required to provide a detailed analysis articulating the evidence that supports her decision and discussing the evidence that was rejected, *see Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994).

The undersigned concludes that the ALJ properly applied the standard set forth in SSR 96-6p for considering SAMC opinions.

## Recommendation

The hearing decision should be affirmed in all respects.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 24, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

18